62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John W. NARDUCCI, Plaintiff-Appellant,
v.
Larry FIELDS, Director, individual capacity; Dan Reynolds,
Warden, individual capacity, also known as Dan Reynolds;
Security Major Nace, individual capacity; Captain Holt,
individual capacity; John East, individual capacity;
Captain Leeper, individual capacity; John Klink, individual
capacity, Defendants-Appellees.
 No. 94-7109.
(D.C. No. CIV 93-118-S)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff John W. Narducci appeals pro se from the district court's order granting defendants summary judgment. Plaintiff is a Connecticut prisoner, but he is presently incarcerated at the Oklahoma State Penitentiary (OSP). Connecticut transferred plaintiff to Oklahoma pursuant to an interstate corrections compact between the two states ("the Contract").
 
 
 3
 Plaintiff raises three claims on appeal. He first contends that the Contract created a right to a hearing pursuant to Connecticut law before being placed in administrative segregation at the OSP. Plaintiff points specifically to Okla. Stat. tit. 57, 602, the Interstate Corrections Compact statute, which states: "Any hearing or hearings to which an inmate confined pursuant to this Compact may be entitled by the laws of the sending state may be had before the appropriate authorities of the sending state, or of the receiving state if authorized by the sending state." Id. art. IV p F.
 
 
 4
 Contrary to plaintiff's contention, this language does not create a property interest protected by the Due Process Clause. It merely states that a hearing "may be had before the appropriate authorities of the sending state." Id. (emphasis added). This provision entitles the sending state to hold such a hearing, but it does not mandate it. Indeed, a section of the Contract states explicitly that such hearings are to be held "[u]pon the request of the sending state." The statute and the Contract clearly leave the decision of whether to have such a hearing to the discretion of the sending state. The district court therefore did not err in rejecting plaintiff's procedural due process claim.
 
 
 5
 Second, plaintiff claims that conditions to which he has been subjected in the OSP--a lack of light, a lack of running water, poor cell ventilation, and placement in an individual cage for outdoor exercise--violate his Eighth Amendment right to be free from cruel and unusual punishment. We agree with the district court's conclusion that these allegations do not "rise to level of a constitutional violation."
 
 
 6
 Finally, plaintiff argues that the district court wrongfully denied him discovery on his claims. But the district court granted defendants summary judgment, meaning that there are no genuine issues of material fact that would warrant further exploration. We agree with the district court that plaintiff could not uncover any evidence through discovery that would affect the legal disposition of the claims he has presented in this case.
 
 
 7
 For these reasons, the district court's order granting defendants' motion for summary judgment is AFFIRMED. Petitioner's action is DISMISSED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470